**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CHERYL ELLIS F.K.A. BARRAX,<br>2805 East Ray Drive<br>Zanesville, OH 43701<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOLINA HEALTHCARE OF OHIO, INC.<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215<br><br>　　　　　Defendant. | Case No.: _____<br><br>Judge: _____<br><br>**PLAINTIFF'S COMPLAINT WITH<br>JURY DEMAND ENDORSED HEREON** |

## NATURE OF THE ACTION

1.　　This action is brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. (hereinafter the "FLSA"), and the Ohio Minimum Fair Wage Standards, Ohio R.C. §§ 4111, *et seq*., to recover overtime pay owed, but never paid, to Plaintiff by MOLINA HEALTHCARE OF OHIO, Inc. when she was employed as a case manager. Further, Plaintiff filed this Complaint for Defendant's knowing misclassification of her as an exempt employee and failure to pay her any wages for overtime hours worked.

## JURISDICTION AND VENUE

2.　　This is an action brought pursuant to the FLSA 29 U.S.C. §§ 201, *et seq*. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to FLSA 29 U.S.C. § 216(b)

3.　　Subject-matter jurisdiction is conferred by 28 U.S.C. § 1331. Supplemental jurisdiction over Plaintiff's related state-law claims is pursuant to 28 U.S.C. § 1367(a), as these

claims arise from the same transactions or occurrences as the federal claims and arise out of a common nucleus of operative fact.

4. Pursuant to Fed. R. Civ. P. 4, this Court has personal jurisdiction over the Defendant because it either resides within this District or regularly transacts business in, contracts within, and performs services within this District, as required by R.C. § 2307.382.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that the willful activity giving rise to these actions occurred in Franklin County, Ohio, within this district, the Defendant resides and is headquartered in this district, and the causes of action arose in this district.

## PARTIES

6. At all relevant times, Cheryl Ellis, FKA Cheryl Barrax (hereinafter "Plaintiff"), was U.S. citizen and a resident of Muskingum County, Ohio. Plaintiff was employed by Defendant as a "Case Manager" in its Columbus, Ohio office for approximately 2.5 years, ending January 17, 2017. Plaintiff's official job classification was either "Case Manager I" or "Case Manager II" throughout the relevant time period.

7. Throughout the relevant time period, Plaintiff was an "employee" for the purposes of 29 U.S.C. § 203(e) and O.R.C. § 4111.03. As a Case Manager for Defendant, Plaintiff was engaged in commerce or the productions of goods for commerce, as that phrase is defined within the meaning of the FLSA, 29 U.S.C. § 203.

8. At all relevant times, Molina Healthcare of Ohio, Inc. (hereinafter "Defendant"), was and is an Ohio corporation headquartered in Franklin County, Ohio with operations all across the State of Ohio. Defendant is authorized to conduct business as an insurer in the State of Ohio and employs Case Managers within this District.

9. Upon information and belief, Molina Healthcare of Ohio, Inc., was and is a subsidiary of Molina Healthcare, Inc., which is headquartered in the State of California and has subsidiaries in seventeen (17) U.S. States.

10. At all relevant times, Defendant was and is an "employer" or joint employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. §§ 4111.03.

11. At all times relevant herein, Plaintiff was paid by Defendant and assisted customers for Defendant.

**FACTS**

12. Defendant is a health insurance company that contracts with Medicaid and Medicare and offers health insurance plans through the Marketplace Exchanges.

13. Molina Healthcare, Inc., and all of its subsidiaries, are in the healthcare and patient care industries.

14. Defendant has improperly and unlawfully classified Plaintiff as a salaried exempt employee, paying Plaintiff a salary, regardless of the number of hours worked. In June of 2016 Defendant began paying Plaintiff on an hourly rather than salaried basis, but failed to compensate her for overtime worked.

15. Plaintiff was employed as a Case Manager I and Case Manager II for Defendant within the last three years from approximately April 22, 2014 through January 3, 2017.

16. The duties of Plaintiff consisted of conducting on and off site member assessments, handling materials, including equipment, to conduct medical assessments, imputing member information into Defendant's electronic systems, and ensuring members completed all necessary authorizations for receipt of insurance benefits. Plaintiff's job duties were routine and did not include the exercise of discretion and independent judgment with respect to matters of

significance. Plaintiff had no supervisory duties or responsibilities, and did not set Defendant's policies.

17. In her roles as Case Manager, Plaintiff did not supervise other employees, and did not spend more than 50 percent of her time supervising other employees or acting with independence or exercising independent discretion.

18. At all times mentioned herein, Plaintiff was responsible for her own work and did not have administrative or management responsibilities, as those terms are used in connection with the FLSA and state wage and hour statutes and regulations.

19. Plaintiff's duties did not require knowledge of an advanced type in a field of service or learning customarily acquired by a prolonged course of specialized intellectual instruction and study.

20. The work of the Plaintiff required only minuscule amounts of discretion or independent judgment. Plaintiff was neither responsible for, nor allowed to make, relevant decisions regarding coverage and liability. Plaintiff was subject to the policies and procedures of Defendant. Plaintiff was not administrative personnel, and did not perform an administrative role with Defendant.

21. Defendant monitored Plaintiff's compliance with the guidelines, procedures, and policies by periodically reviewing Plaintiff's, requiring on-site presence during normal business hours, and reviewing her work.

22. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and the comparable state wage and hour provisions and regulations in effect in states where Defendant does business.

23. Throughout her employment with Defendant, Plaintiff was repeatedly and routinely required to work more than 40 hours per week in order to process assigned caseloads, but was only paid for 40 hours per week. Plaintiff routinely worked evenings and weekends for which she was not compensated.

24. Defendant allowed Plaintiff to work in excess of 40 hours per week and knew, or should have known, that Plaintiff was working in excess of 40 hours per week. Plaintiff repeatedly advised Defendant that she could not complete her work within a 40 hour week, yet completed the work. Plaintiff also input data into Defendant's records outside of her 40 hour work week which Defendant knew about or should have known about while supervising her.

25. Defendant did not pay Plaintiff any wages for these overtime hours because it misclassified her as an exempt employee.

26. Defendant purposefully and wrongfully misclassified Plaintiff as an exempt employee to avoid paying overtime compensation, a willful violation of both state and federal labor laws.

27. Defendant willfully deprived Plaintiff of her right to overtime compensation.

28. Plaintiff was a salaried employee until June of 2016. Thereafter, Defendant began paying her on an hourly basis. Defendant paid Plaintiff for 40 hours of work per work week and did not compensate Plaintiff for hours worked in excess of 40 hours per week.

29. Throughout her employment with Defendant Plaintiff repeatedly told supervisors about the amount of work she was expected to complete and the long hours she was required to work.

30. Plaintiff spent many after-work hours traveling to and from client/patient homes, completing charting and other paperwork, answering emails, and answering phone calls.

31. Although Defendant knew how many hours Plaintiff worked, it did not require her to maintain accurate contemporaneous records of her actual work hours.

32. Plaintiff was and is entitled to be paid at least one and one-half of her rate of pay for each hour in excess of forty hours that she worked in any workweek pursuant to the FLSA (29 U.S.C. § 207) and Ohio Law (O.R.C. § 4111.03)

33. Defendant was aware of the FLSA's minimum wage and overtime requirements, routinely received complaints from Plaintiff and other Case Managers regarding their pay and excessive overtime hours, and paid workers who performed substantially similar and non-exempt duties on an hourly/overtime eligible basis, but still chose not to pay Plaintiff overtime.

34. Defendant willfully misclassified Plaintiff as exempt and refused to pay her overtime. Likewise, Defendant did not receive her base rate of pay for hours worked in excess of 40 per week.

35. Defendant illegally paid Plaintiff on a primarily salary basis and she was not paid at 150% of her regular rate of pay for hours worked in excess of 40 hours in a workweek.

36. Following an investigation by the U.S. Department of Labor, on or about December 16, 2016 Defendant told its Case Managers that they would begin paying Case Managers overtime for hours worked in excess of 40 hours in any given workweek and would also receive retroactive back pay for all overtime hours worked for the period of June 12, 2014 through June 11, 2016. To date, Defendant has not paid Plaintiff retroactively for the overtime hours worked prior to June 11, 2016, Defendant has not paid Plaintiff for any of the overtime she worked since June of 2016, and Defendant has not paid Plaintiff her base rate of pay for any of the hours worked in excess of 40 hours per work week for any of the time Plaintiff was employed by Defendant. Defendant has only

compensated Plaintiff for 40 hours of work per work week at her regular rate of pay throughout her employment with Defendant.

### COUNT I: FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 et seq.

37. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

38. During the relevant period, Defendant violated the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and for workweeks longer than 40 hours without compensating such employees for their work in excess of 40 hours per week at rates no less than one-and-one-half times the regular rates for which they were employed.

39. During the relevant period, Defendant was subject to the overtime pay requirements of the FLSA because they are an enterprise engaged in commerce and their employees are engaged in commerce.

40. During the relevant period, Plaintiff has been entitled to the overtime pay rights and protections granted by the FLSA and has not been exempt from these protections for any reason.

41. Defendant violated the FLSA through common, companywide policies that directly and proximately caused Plaintiff to suffer damages.

42. During the past three years, Defendant has knowingly and willfully failed to pay Plaintiff the overtime wages she was due.

43. During the past three years, Plaintiff has worked, been permitted to work, and complained to supervisors of working in excess of 40 hours per week without compensation at the

overtime rate of one-and-one-half times her regular hourly pay for weekly hours worked in excess of 40 hours.

44. As more fully set forth above, Plaintiff was a non-exempt employee entitled to overtime wages of one and one-half times her regular hourly rates for each hour worked in excess of 40 hours in a given week.

45. As more fully set forth above, Plaintiff was never paid such overtime wages, in violation of the FLSA (29 U.S.C. § 207).

46. Defendant owes Plaintiff the overtime wages and liquidated damages mandated by the FLSA, 29 U.S.C. § 207 and § 216(b).

47. Plaintiff was damaged in the amount of her lost overtime wages.

48. Plaintiff is entitled to a judgment for actual damages, liquidated damages, attorney's fees and costs. See 29 U.S.C. § 216(b).

49. Plaintiff is entitled to any other relief which the Court may deem just and appropriate to redress the harm inflicted by Defendant and to prevent further violations of the law.

**COUNT II: FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH OHIO MINIMUM FAIR WAGE STANDARDS, O.R.C. § 4111.03**

50. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

51. Defendant is an employer covered by the overtime requirements set forth in O.R.C. §§ 4111.01, *et seq*.

52. As an employee, Plaintiff repeatedly worked in excess of 40 hours per week but was not paid overtime compensation for the same.

53. Pursuant to O.R.C. § 4111.03, Defendant was required to pay Plaintiff in an amount one-and-one-half times her hourly rate for all hours worked in excess of 40 per week.

8

54. Defendant repeatedly and knowingly failed to pay overtime wages to Plaintiff in violation of O.R.C. §4111.03 by misclassifying her as exempt.

55. Defendant owes Plaintiff the overtime wages and liquidated damages mandated by Ohio law.

56. Defendant willfully deprived Plaintiff of part of her wages by failing to pay overtime in violation of overtime pay provisions of state wage and hours laws.

57. Plaintiff was damaged in the amount of her unpaid overtime wages

58. Plaintiff is entitled to a judgment for actual damages, liquidated or punitive damages, attorney's fees and costs.

59. Plaintiff is entitled to any other relief which the Court may deem just and appropriate to redress the harm inflicted by Defendant and to prevent further violations of the law.

## COUNT III: FAILURE TO PAY WAGES IN COMPLIANCE WITH THE OHIO PROMPT PAY ACT

60. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as fully set forth herein.

61. O.R.C. § 4113.15, known as Ohio's Prompt Pay Act, requires Defendant to pay its employees all wages due within thirty (30) days of the work being performed.

62. During all relevant times, Defendant was a covered employer required to comply with the mandates of O.R.C. § 4113.15.

63. During all relevant times, Plaintiff was employed by Defendant within the meaning of O.R.C. § 4113. 15.

64. Defendant knowingly and improperly failed to pay Plaintiff overtime wages due within thirty (30) days of work performed.

65. Plaintiff's overtime wages still remain unpaid.

66. Defendant's failure to pay Plaintiff all wages due within thirty (30) days of her regularly scheduled payday constitutes a violation of O.R.C. § 4113.15.

WHEREFORE, Plaintiff seeks the following relief:

a.) Judgment for Plaintiff and against Defendant as to Counts I and Count II for the Defendant's willful violations of the Fair Labor Standards Act and Ohio Revised Code Section 4111.03;

b.) Judgment for Plaintiff and against Defendant as to Count III for the Defendant's willful violation of Ohio's Prompt Pay Act (O.R.C. § 4113.15.).

c.) Enter final judgment in favor of Plaintiff for actual damages in the amount proven at trial;

d.) Enter final judgment in favor of Plaintiff for liquidated damages in an amount equal to the aggregate underpayment of wages as proven at trial, plus all applicable prejudgment and post-judgment interest at the Ohio statutory rate;

e.) Enter final judgment in favor of Plaintiff and against Defendant, reimbursing all costs and expenses incurred in bringing and prosecuting this case, including reasonable attorneys' fees and expense of any necessary expert witness;

f.) Enter an order which sets for the terms for distributing sums recovered in this action to Plaintiff; and

g.) Award such other and further relief as the Court deems just and equitable.

>Respectfully submitted,
>
>STEBELTON SNIDER, LPA
>
>
>  */s/ Daniel J. Fruth*
> Daniel J. Fruth (0075309)
> 109 North Broad Street, Suite 200
> P.O. Box 130
> Lancaster, OH 43130
> Ph. (740) 654-4141; Fax: (740) 654-2521
> Email: djf@stebelton.com
> *Attorney for Plaintiff*

# JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff demands a trial by jury for this action on all issues so triable.

>  */s/ Daniel J. Fruth*
> Daniel J. Fruth (0075309)
> *Attorney for Plaintiff*